In the Matter of VALENTINE PARKER (Admitted as VALENTINE FRASER PARKER), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 26, 1992

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr. (Chris G. McDonough* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order of this court dated April 6, 1989, the respondent was suspended from the practice of law until the further order of this court, based upon his failure to cooperate with the investigation of the Grievance Committee, and the

Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent.

A notice of petition and petition containing two charges of professional misconduct was personally served upon the respondent on January 9, 1992. No answer was forthcoming. The petitioner now moves for a default judgment, including a provision that the respondent make restitution pursuant to Judiciary Law § 90 (6-a). The motion for a default judgment was personally served upon the respondent on March 3, 1992. The respondent has failed to submit any papers in response to the default motion.

The charges involve the respondent's conversion, in his capacity as Referee to a foreclosure sale in an action entitled *Dime Sav. Bank v Norris,* of the sum of $4,087.75 entrusted to him as surplus funds from the foreclosure sale. The respondent was to have deposited that sum with the Suffolk County Treasurer's Office consistent with his obligations as fiduciary and Referee within five days of his receipt of the surplus. The New York State Comptroller's Office brought this matter to the attention of the petitioner. The Suffolk County Treasurer has acknowledged that the funds were not deposited.

The second charge alleges that the respondent has failed to cooperate with the legitimate requests of the petitioner in connection with its investigation into allegations of professional misconduct. The respondent failed to submit a written response to the complaint notwithstanding three demands from the petitioner that he submit a response.

The charges, if established, would require the imposition of a disciplinary sanction against the respondent. Since the respondent has chosen not to appear or answer these proceedings, the charges must be deemed established. The petitioner's motion to hold the respondent in default and to impose discipline is, therefore, granted. Accordingly, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately. The respondent is further directed to make restitution of $4,087.75, representing surplus funds from a foreclosure sale, to the Suffolk County Treasurer.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Valentine Parker is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent Valentine Parker is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the respondent, Valentine Parker, is directed to make restitution in the amount set forth to the following party whose money or property was willfully misappropriated or misapplied: $4,087.75 to the Suffolk County Treasurer.